UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>                    Petitioner,<br><br>         v.<br><br>WARDEN,<br><br>                    Respondent. | Case No. 1:21-cv-01813-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

Petitioner Tremayne Carroll is a state prisoner proceeding *pro se* on his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because the petition is duplicative of his other filed cases and raises a civil rights claim, the undersigned recommends that the petition be dismissed.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

**I.     BACKGROUND**

Petitioner is incarcerated at the Central California Women's Facility ("CCWF") located in Chowchilla, California. According to the petition, petitioner has been subjected to civil rights violations including "hate crimes, ADA discrimination, cruel and unusual punishment, reckless endangerment and deliberate indifference." (Doc. 1 at 3). Petitioner alleges hate crimes including being punched in the face, having hot coffee thrown in the face, being "snatched out of" a wheelchair and repeatedly punched, all while "enduring" homophobic slurs; and "being told that these attacks were encouraged" by CCWF staff. (*Id*. at 3, 6). It is unclear from the face of the petition what exact relief Petitioner is seeking.

The Court takes judicial notice that Petitioner has filed three previous habeas petitions in this court: *Carroll et. al. v. Lozano*, No. No. 1:19-cv-01360-JLT (HC) (transferred to Central District of California); *Carroll v. State of California et. al.*, No. 2:19-cv-01904-WBS-EFB (dismissed for failure to pay filing fee or file in forma pauperis application); and *Carroll v. Covello*, No. 2:20-cv-12101-DMC (transferred to Central District of California). The Court also takes judicial notice that Petitioner has filed thirteen previous § 1983 prisoner rights complaints in this court: *Carroll v. Virga, et. al.*, No. 2:11-cv-02611-KJN (dismissed for failure to file a civil rights complaint); *Carroll v. Virga, et. al.*, No. 2:12-cv-01327-KJN (dismissed for failure to file amended complaint after leave was granted); *Carroll v. Brown*, et. al., No. 2:12-cv-02584-TLN-DAD (dismissed for failure to complete in forma pauperis application); *Carroll v. Brown*, No. 2:13-cv-00131-DAD (dismissed as duplicative); *Carroll v. Knipp, et. al*., No. 2:13-cv-00215-LKK-CKD (dismissed for failure to exhaust administrative remedies); *Carroll v. CDCR*, *et. al.*, No. 2:14-cv-01081-AC (dismissed for failure to pay filing fee or file in forma pauperis application); *Carroll v. State of California, et. al.*, No. 2:16-cv-01759-TLN-KJN (dismissed for failure to file amended complaint or otherwise respond to court order); *Carroll v. Spearman*, No. 2:16-cv-02443-JAM-EFB (dismissed for failure to file amended complaint); *Carroll v. Spearman*, *et. al*., No. 2:16-cv-02493-EFB (dismissed as duplicative); *Carroll v. Spearman*, No. 2:17-cv-00862-JAM-DB (dismissed for failure to file amended complaint or dismiss the action); *Carroll v. State of California et. al*., No. 2:19-cv-02324-TLN-CKD (dismissed for failure to complete in

forma pauperis application); *Carroll v. Covello*, No. 2:20-cv-01707-JAM-KJN (dismissed for failure to file amended complaint); and *Carroll v. CDCR et. al.*, No. 1:22-cv-00363-BAM. The thirteenth petition at No. 1:22-cv-00363-BAM was filed after the instant habeas petition on March 29, 2022, and remains pending.

## I.   APPLICABLE LAW AND ANALYSIS

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. In "assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

Here, the petition, although on the preapproved § 2254 form, does not challenge the fact or length of petitioner's confinement. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). Instead, the petition complains about the conditions of petitioner's confinement, which is properly challenged in a civil rights action under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 499. While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016). The undersigned does not find recharacterization proper in this case. Petitioner does not name as defendants any of the individuals who he alleges committed the offensive acts. Instead, Petitioner names "Warden" as the named respondent. (Doc. No. 1 at 1). Further, the facts of this case closely parallel the facts complained of in petitioner's civil rights action filed case at No. 1:22-cv-00363-BAM. Therefore, the undersigned recommends that the petition be dismissed because it raises claims

relating to petitioner's conditions of his confinement, not the fact or duration of his confinement, and is duplicative of his later-filed civil rights action.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

The petition (Doc. No. 1) be DISMISSED.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4