**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No.: 1:21-cv-01813 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 6) |

　　　　The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. (Doc. 6.) The magistrate judge found Petitioner "does not challenge the fact or length of … confinement." (*Id.* at 3.) Instead, the magistrate judge found Petitioner addressed only the *conditions* of confinement, which are "properly challenged in a civil rights action under 42 U.S.C. § 1983." (*Id.*, citing *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).) Further, the magistrate judge found the claims duplicative of another civil action filed by Petitioner, Case No. 1:22-cv-00363-BAM. (*Id.*) Therefore, the magistrate judge recommended the petition be dismissed. (*Id.* at 4.)

　　　　Petitioner timely filed objections to the magistrate judge's Findings and Recommendations, in which Petitioner accused the Court of "shielding" the California Department of Corrections" and restated the claimed civil rights violations asserted in his petition for writ of habeas corpus. (Doc. 7.) Petitioner did not acknowledge that the petition under 28

U.S.C. § 2254 was not the proper mechanism to raise the civil rights violations. Similarly, Petitioner did not address the finding that the civil rights claim is duplicative.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the Petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 24, 2022, (Doc. 6), are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.

///

///

///

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **May 22, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE